UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| LUXOTTICA GROUP S.P.A., an Italian corporation, and LUXOTTICA USA LLC, a New York limited liability company,<br><br>        Plaintiffs,<br><br>  v.<br><br>COLLEGE GLASSES LLC, a Delaware limited liability company; and JOHN DOES 1 through 10,<br><br>        Defendants. | CIVIL ACTION NO. _____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Luxottica Group S.P.A. and Luxottica USA LLC ("Luxottica"), by and through its attorneys, bring this civil action against Defendants College Glasses LLC and John Does 1-10, and in support thereof, allege as follows:

### THE PARTIES

1. Luxottica Group S.P.A. is a corporation organized and existing under the laws of the Republic of Italy, having its principal place of business at Piazzale Luigi Cadorna 3, Milan, 20123 Italy. Luxottica USA LLC is a New York limited liability company with its principal place of business at 12 Harbor Park Drive, Port Washington, New York 11050.

2. Upon information and belief, Defendant College Glasses LLC ("College Glasses") is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business at 820A S. 4th Street, Philadelphia, Pennsylvania 19147.

3. Upon information and belief, Defendants identified as John Does are individuals conducting business within the State of New York and elsewhere, including those individuals

1

who purchased products from Defendant and are present in and/or doing business in the State of New York and subject to the jurisdiction of this Court.  The identities of the various John Does are not presently known, and the complaint herein will be amended, if appropriate, to include the name(s) of these entities and individuals when such information becomes available.

## JURISDICTION AND VENUE

4.     This Court has original subject matter jurisdiction over Luxottica's Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1116(a) and 1121(a).

5.     This Court has subject matter jurisdiction over Luxottica's New York state law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a).

6.     Personal jurisdiction is proper in this judicial district because the Defendant has had continuous, systematic, and substantial contacts within the State of New York and this judicial district, including doing and soliciting business and deriving revenue from goods provided to individuals in the Eastern District of New York, including but not limited to selling infringing eyewear to consumers and/or retailers in this district upon information and belief, and operating an interactive website that allows consumers in this district to order infringing goods into this district.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, in that a substantial part of the events giving rise to the claims herein, including, but not limited to, the sale of the products that are the subject of this action, occurred within this judicial district, or to consumers and/or retailers in this district.

## GENERAL ALLEGATIONS

8.     Luxottica is a well-known and established manufacturer, distributor and retailer of high quality eyewear.  Many of Luxottica's lines of eyewear, such as Ray-Ban®, have enjoyed

substantial success and are protected by various intellectual property rights owned or licensed by Luxottica.

9.      Luxottica has marketed and sold its eyewear in connection with the WAYFARER® mark (the "Luxottica Mark").  Since Luxottica began using the Luxottica Mark, its use of the mark in connection with eyewear has been continuous and exclusive.

10.     Luxottica has invested a considerable amount of time and money in establishing the Luxottica Mark in the minds of consumers as a source of high quality eyewear.  As a result of Luxottica's substantial use and promotion of the Luxottica Mark in connection with eyewear and other products, the mark has acquired great value as a specific identifier of Luxottica's products and serves to distinguish Luxottica's products from that of others.  Consumers in this Judicial District and elsewhere readily recognize the Luxottica Mark as a distinctive designation of origin of Luxottica's products.  The Luxottica Mark is an intellectual property asset of great value as a symbol of Luxottica's quality products and goodwill.

11.     Luxottica is the owner of Trademark Registration No. 595,513 for the Luxottica Mark.

12.     Trademark Registration No. 595,513 was registered with the U.S. Patent and Trademark Office on September 21, 1954.  Trademark Registration No. 595,513 is associated with the following goods: sunglasses.  A true and correct copy of the certificate of registration and assignment history of Trademark Registration No. 595,513 showing Luxottica as the owner and Assignee of the Luxottica Mark is attached hereto as Exhibit A.

13.     Without permission or consent from Luxottica, Defendant is offering for sale, distributing, marketing, and/or selling eyewear using the Luxottica Mark, evidence of which is attached hereto as Exhibits B through E.

3

14.    Defendant did not begin using its infringing mark in connection with eyewear until long after Luxottica began using the Luxottica Mark.

15.    On information and belief, Defendant's unauthorized use of the Luxottica mark is intended to trade upon the goodwill and substantial recognition associated with Luxottica and the Luxottica Mark.

16.    On information and belief, Defendant is using its infringing mark in an attempt to associate its eyewear products with Luxottica and the Luxottica Mark, to cause mistake or deception as to the source of Defendant's eyewear products and/or to otherwise trade upon Luxottica's valuable reputation and customer goodwill in its mark.

17.    On information and belief, Defendant's use of its infringing mark is designed to cause confusion, mistake or deception.

18.    By virtue of the acts complained of herein, Defendant has created a likelihood of injury to Luxottica's business reputation, caused a strong likelihood of consumer confusion, mistake and deception as to the source of or origin or relationship of Luxottica's and Defendant's goods, has caused actual confusion, and has otherwise competed unfairly with Luxottica by unlawfully trading on and using the Luxottica Mark without Luxottica's permission or consent.

19.    At no time has Luxottica ever given Defendant license, permission or authority to use or display the Luxottica Mark in connection with any of Defendant's eyewear products.

20.    On information and belief, Defendant's acts complained of herein are willful and deliberate.

21.    Defendant's acts complained of herein have caused Luxottica to suffer irreparable injury to its business. Luxottica will suffer substantial loss of goodwill and reputation unless and

until Defendant is preliminarily and permanently enjoined from its wrongful actions complained of herein.

**COUNT ONE**
**(Federal Trademark Infringement in Violation of 15 U.S.C. § 1114)**

22.     Luxottica realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint, as if fully set forth herein.

23.     In violation of 15 U.S.C. § 1114, Defendant has used in commerce, without Luxottica's consent, reproductions, copies or colorable imitations of the Luxottica Mark in connection with distributing, selling, offering for sale, advertising, and/or promoting Defendant's eyewear, which is likely to cause confusion, or to cause mistake, or to deceive.

24.     Defendant's actions constitute willful infringement of Luxottica's exclusive rights in and to the Luxottica Mark.

25.     As a direct and proximate result of Defendant's willful misconduct, Luxottica has suffered irreparable harm to the value and goodwill associated with the Luxottica Mark and their reputation in the industry.

26.     Unless Defendant is restrained from further infringement of the Luxottica Mark, Luxottica will continue to be irreparably harmed.

27.     Luxottica has absolutely no adequate remedy at law that will compensate for the continued, irreparable harm that it will suffer if Defendant's willful misconduct is allowed to continue.

28.     As a direct and proximate result of Defendant's willful misconduct, Luxottica has suffered damages to the valuable Luxottica Mark and other damages in an amount to be proved at trial.

**COUNT TWO**
**(Federal Unfair Competition and False Designation of Origin**
**in Violation of 15 U.S.C. § 1125(a))**

29.     Luxottica realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint, as if fully set forth herein.

30.     In violation of 15 U.S.C. § 1125(a), Defendant used in commerce a slogan, trade dress, word, term, name, symbol, or device, or any combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which was or is likely to cause confusion or to cause mistake, or to deceive as to an affiliation, connection, or association with Luxottica.

31.     Without limitation, Defendant has willfully infringed Luxottica's exclusive rights in and to the Luxottica Mark.

32.     As a direct and proximate result of Defendant's willful misconduct, Luxottica has suffered and is suffering irreparable harm to the value and goodwill associated with the Luxottica Mark, and Luxottica's reputation as a distributor of high-quality eyewear products.

33.     Unless Defendant is restrained from further infringement of the Luxottica Mark, Luxottica will continue to be irreparably harmed.

34.     Luxottica has absolutely no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's willful misconduct is allowed to continue.

35.     As a direct and proximate result of Defendant's willful misconduct, Luxottica has suffered damages to the valuable Luxottica Mark and other damages in an amount to be proved at trial.

6

**COUNT THREE**
**(Federal Trademark Dilution in Violation of 15 U.S.C. § 1125(c))**

36.     Luxottica realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint, as if fully set forth herein.

37.     In violation of 15 U.S.C. § 1125(c), Defendant's unauthorized commercial use of the Luxottica Mark in connection with the advertisement, offering for sale and sale of Defendant's eyewear products has caused and is likely to continue to cause dilution of the distinctive quality of the famous Luxottica Mark.

38.     The products sold by Luxottica under the Luxottica Mark have been widely advertised, promoted, and distributed to the purchasing public throughout the United States and the world.

39.     Luxottica's products sold under the Luxottica Mark, by reason of their style and design and quality of workmanship, have come to be known to the purchasing public throughout the United States as high quality products, which are sold under excellent merchandising and customer service conditions.  As a result, the Luxottica Mark and the goodwill associated therewith are of great value to Luxottica.

40.     By virtue of the wide renown acquired by the Luxottica Mark, coupled with the national and international distribution and extensive sale of various products distributed under the Luxottica Mark, the Luxottica Mark is famous and became so prior to Defendant's acts complained of herein.

41.     Defendant's acts are likely to tarnish, injure, or trade upon Luxottica's business, reputation or goodwill, and to deprive Luxottica of the ability to control the use of its Luxottica Mark and quality of products associated therewith.

7

42. As a direct and proximate result of Defendant's trademark dilution, Luxottica has suffered and is suffering irreparable harm to the value and goodwill associated with the Luxottica Mark, and Luxottica's reputation as a distributor of high-quality eyewear products.

43. Unless Defendant is restrained from further diluting the Luxottica Mark, Luxottica will continue to be irreparably harmed.

44. Luxottica has absolutely no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's willful misconduct is allowed to continue.

45. As a direct and proximate result of Defendant's willful misconduct, Luxottica has suffered damages to the valuable Luxottica Mark and other damages in an amount to be proved at trial.

## COUNT FOUR
### (Trademark Infringement under New York Common Law)

46. Luxottica realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint, as if fully set forth herein.

47. Defendant has, without authorization by Luxottica, used the Luxottica Mark to advertise, distribute, sell and offer to sell its eyewear products.

48. Defendant's acts as alleged herein are likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Defendant with Luxottica, and as to the origin, sponsorship, or approval of Defendant's goods by Luxottica.

49. Defendant's unauthorized acts constitute willful infringements of Luxottica's federal trademark registrations for the Luxottica Mark, in violation of New York common law.

50.     As a direct and proximate result of Defendant's willful misconduct, Luxottica has suffered irreparable harm to the value and goodwill associated with the Luxottica Mark and its reputation in the industry.

51.     Unless Defendant is restrained from further infringement of the Luxottica Mark, Luxottica will continue to be irreparably harmed.

52.     Luxottica has absolutely no adequate remedy at law that will compensate for the continued, irreparable harm that it will suffer if Defendant's willful misconduct is allowed to continue.

53.     As a direct and proximate result of Defendant's willful misconduct, Luxottica has suffered damages to the valuable Luxottica Mark and other damages in an amount to be proved at trial.

## COUNT FIVE
### (Common Law Unfair Competition)

54.     Luxottica realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint, as if fully set forth herein.

55.     In violation of the common law of the State of New York, Defendant's acts of trademark infringement, false designation of origin and trademark dilution of the Luxottica Mark constitute common law unfair competition and false advertising under New York law and the laws of other states, and have caused and will cause impairment of the recognition of the Luxottica Mark, and diminution of the value thereof.

56.     As a direct and proximate result of Defendant's willful misconduct, Luxottica has suffered irreparable harm to the value and goodwill associated with the Luxottica Mark and its reputation in the industry.

57.     Unless Defendant is restrained from further infringement of the Luxottica Mark, Luxottica will continue to be irreparably harmed.

58.     Luxottica has absolutely no adequate remedy at law that will compensate for the continued, irreparable harm that it will suffer if Defendant's willful misconduct is allowed to continue.

59.     As a direct and proximate result of Defendant's willful misconduct, Luxottica has suffered damages to the valuable Luxottica Mark and other damages in an amount to be proved at trial.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Luxottica respectfully requests the Court to enter judgment in its favor and against Defendant and award Luxottica relief as follows:

1.  For judgment that:

    a.  Defendant has violated Section 32 of the Lanham Act, 15 U.S.C. § 1114;

    b.  Defendant has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    c.  Defendant has violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

    d.  Defendant has infringed upon Luxottica's trademarks in violation of New York common law and the common law of other states;

    e.  Defendants have unfairly competed with Luxottica in violation of New York common law; and

    f.  In all instances, Defendant acted in bad faith, willfully, intentionally, and/or in malicious disregard of Luxottica's lawfully protected rights.

2. For an order enjoining Defendant, their affiliates, subsidiaries, parents, and their respective officers, agents, servants, attorneys, and employees, and all persons in active concert or participation with them, and mandating that Defendant forever cease and desist and refrain from, anywhere in the world:

   a. Using to market, advertise, promote, sell, offer for sale, and/or identify Defendant's goods with the Luxottica Mark or any mark that is confusingly similar to the Luxottica Mark or is likely to create the erroneous impression that Defendant's goods or services originate from Luxottica, are endorsed by Luxottica, or are connected in any way with Luxottica;

   b. Manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any eyewear products bearing or associated with any of the Luxottica Mark and/or any confusingly similar marks;

   c. Otherwise infringing or diluting the Luxottica Mark and/or any of Luxottica's other trademarks;

   d. Falsely designating the origin of Defendant's goods;

   e. Unfairly competing with Luxottica in any manner;

   f. Causing a likelihood of confusion or injuries to Luxottica's business reputation; or

   g. Attempting, causing, assisting or inducing, directly or indirectly, any of the above-described acts.

3. For an order:

a. Requiring Defendant to account for and pay over to Luxottica all profits derived from its wrongful misconduct to the full extent provided for by Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

b. Awarding Luxottica damages to the full extent provided by New York state law;

c. Awarding Luxottica its costs of suit, including reasonable attorneys' fees; and

d. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Luxottica hereby demands trial by jury of all issues so triable under the law as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Respectfully submitted,

Date: February 12, 2016

*s/ Marcella Ballard*
VENABLE LLP
Marcella Ballard
mballard@venable.com
Justin E. Pierce* (*pro hac vice pending*)
jpierce@venable.com
Robert E. Bugg* (*admission pending*)
rebugg@venable.com
Samantha G. Rothaus
srothaus@venable.com
Schuyler B. Sorosky* (*pro hac vice pending*)
sbsorosky@venable.com
1270 Avenue of the Americas, 25th Floor
New York, NY 10020
(212) 307-5500
(212) 307-5598 fax

*Attorneys for Plaintiffs*
*Luxottica Group S.P.A. and*
*Luxottica USA LLC*